**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thayer Crane Lindauer, | No. CV-18-02160-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Del E Webb Hospital, et al., | |
| Defendants. | |

Five motions are at issue in this order: (1) Plaintiff's Motion for a Preliminary Injunction (Doc. 9); (2) Defendant Robbins's Motion to Dismiss for Lack of Jurisdiction (Doc. 17); (3) Defendant Robbins's Motion for Judicial Notice Re: Exhibits 2–11 attached to her motion to dismiss (Doc. 18); (4) Defendants Cummings, Decker, and France's Motion to Dismiss for lack of Jurisdiction (Doc. 31); and (5) Defendants Cummings, Decker, and France's Motion for Judicial Notice Re: Exhibits 2–4 of their motion to dismiss (Doc. 32). Plaintiff responded to both motions to dismiss (Doc. 41), to which the remaining defendants jointly replied (Doc. 49). All defendants other than Cummings, Decker, France, and Robbins have been terminated. (Docs. 12, 27, and 57).

As a preliminary matter, the Court will grant Defendants' motions for judicial notice (Docs. 18 and 32). Plaintiff has not filed an objection to either motion and attaches many of the same documents to his pleadings. Additionally, the Court can take judicial notice of court documents. *Harris v. Cnty. Of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We

may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (internal citation omitted). This constitutes Exhibits 1–6 of the Robbins Declaration (Exhibit 2 of Doc. 17) and Exhibits 3–11 of Defendant Robbins's Motion to Dismiss (Doc. 17). The Court can also consider the declarations attached to the motions. *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."). The declarations of Defendants are found in Exhibit 2 of Doc. 17 (the "Robbins Declaration") and Exhibits 2–4 of Doc. 31.

**I.  Background**

Plaintiff is in guardianship proceedings in the Probate Court of the Maricopa County Superior Court. (Doc. 5, First Amended Complaint "FAC" ¶ 1). On May 17, 2016, Plaintiff's daughter filed a motion for an emergency appointment as his temporary guardian pursuant to Title 14 of the Arizona Revised Statutes. (Doc. 17, Exhibit 3). The Superior Court granted it on the same day. (Doc. 17, Exhibit 4). At a May 27, 2016, hearing, where Plaintiff was represented by court-appointed counsel, the Superior Court extended the temporary guardianship through August 29, 2016. (Doc. 17, Exhibit 5). On July 13, 2016, Plaintiff's daughter filed for a permanent appointment as his guardian. (Doc. 17, Exhibit 6). In granting the petition, the Superior Court found the "Petitioner has given Notice of Hearing as required by law." (Doc. 17, Exhibit 8).

On July 10, 2017, Plaintiff's daughter filed a petition to terminate the guardianship. (Doc. 17, Exhibit 9). On July 20, 2017, Plaintiff filed a "Notice of Lack of Jurisdiction and Denial of Procedural Process" in the guardianship proceedings (FAC, Exhibit F). On August 7, 2017, the Superior Court appointed counsel for Plaintiff as well as a guardian ad litem to "investigate the guardianship and file an appropriate petition or report." (FAC, Exhibit G). On August 29, 2017, the guardian ad litem filed a petition for a permanent guardian for Plaintiff. (Doc. 17, Exhibit 10). The Superior Court held a hearing and ordered

the guardian ad litem's petition to be deemed a petition for appointment of successor guardian and continued the hearing until October 12, 2017. (FAC, Exhibit H). The Superior Court also found Plaintiff's allegations about lack of due process and jurisdiction to be "not sufficiently developed for the Court's consideration." (FAC, Exhibit H). At the October 12 hearing, Plaintiff's daughter was discharged as guardian, and the Maricopa County Public Fiduciary was named as the successor guardian. (Robbins Declaration, Exhibit 2). In appointing the successor guardian, the Superior Court again found, "Notice has been given as required by law." Defendant Robbins, in her capacity as Maricopa County Public Fiduciary, has served as Plaintiff's guardian since the October 12, 2017, hearing. (Robbins Declaration ¶ 10). Plaintiff alleges Decker, Cummings, and France are attorneys employed by Maricopa County violated his rights in the guardianship proceedings. (FAC ¶¶ 45 and 48).

In July 2018, Plaintiff filed the FAC, alleging the Superior Court proceedings constituted violations of procedural and substantive due process. He seeks monetary damages, and declaratory orders preventing the Superior Court's orders from being enforced. Defendants filed motions to dismiss arguing that this Court does not have subject matter jurisdiction because it is a de facto appeal of a state court judgment, which is forbidden under the *Rooker-Feldman* abstention doctrine.

**II.    Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction" and may only hear cases as authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because our jurisdiction is limited, it is to be presumed that a cause lies outside of it, and the burden of establishing jurisdiction is on the party asserting it. *Kokkonen*, 511 U.S. at 377.

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal

jurisdiction." *Id.* In a facial attack, the court "accept[s] the plaintiff's allegations as true" and "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction," "drawing all reasonable inferences in the plaintiff's favor." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* In a facial attack, our inquiry is confined to the allegations in the complaint, while a factual attack permits the court to look beyond the complaint. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2004).

The party asserting jurisdiction bears the burden of proof. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). When the plaintiff does not meet the burden of showing the court has subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). "Because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

**III. Analysis**

Defendants' motions to dismiss are persuasive. "Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). "*Rooker* held that when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal." *Id.* at 1156. "*Rooker-Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgements" when they are "'inextricably intertwined' with the state court's decision." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983)). A proceeding is inextricably intertwined when "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.*

Though the doctrine is not constitutional in nature, it draws support from the principles of federalism and comity by respecting the finality of state court judgments. *Id.* at 902; *see also In re Gruntz*, 202 F.3d 1074, 1078, 1086 n. 12 (9th Cir. 2000).

Here, Plaintiff is bringing a suit in federal district court alleging the state court's rulings are erroneous. He seeks the Court's review of the Superior Court's guardianship rulings, especially whether it violated his due process rights by failing to give him notice. (*See* FAC ¶¶ 18, 20, 23, 25, 26, 29, 31). He argues the same in his Motion for a Preliminary Injunction and asks for orders voiding the Superior Court rulings. (Doc. 9). He also alleges that the "Notice of Lack of Jurisdiction and Denial of Procedural Process" was considered and understood, contrary to the Superior Court's order calling it "not sufficiently developed." (FAC ¶¶ 49–50; FAC, Exhibits F, H). The Superior Court explicitly ruled that the litigants in the proceedings complied with notice requirements and that Plaintiff's lack of jurisdiction and denial of due process were not developed enough for consideration. Plaintiff's claims are inextricably intertwined with the Superior Court's rulings, because, if the Court were to consider any of the issues raised by defendant in the FAC, it would be reviewing the Superior Court's rulings. This is exactly the type of review that *Rooker-Feldman* bars.

In Plaintiff's response to Defendants' motions to dismiss, he reiterates similar allegations and arguments found in the FAC and Motion for Preliminary Injunction. He asks the Court to "use its equitable powers to end the oppressive guardianship case." Again, this would require the Court to "second guess" the state court's rulings, "undercut" the proceedings, and "require the district court to interpret the application of state laws or procedural rules." Therefore, the *Rooker-Feldman* doctrine applies, and this Court is without subject matter jurisdiction to consider Plaintiff's claims. Because the Court is dismissing the claims under the *Rooker-Feldman* doctrine, it need not consider Defendants' alternative argument under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).

**IV. Conclusion**

Plaintiff has not alleged any claims that are not inextricably intertwined with the Superior Court proceedings. Consideration of Plaintiff's First Amended Complaint would be a de facto appeal of state court rulings. Finding jurisdiction in such a case is barred by the *Rooker-Feldman* abstention doctrine.

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Motion for Preliminary Injunction (Doc. 9) is **DENIED**.
2. Defendant Robbins's Motion to Dismiss (Doc. 17) is **GRANTED**.
3. Defendant Robbins's Motion for Judicial Notice (Doc. 18) is **GRANTED**.
4. Defendants Cummings, France, and Decker's Motion to Dismiss (Doc. 31) is **GRANTED**.
5. Defendants Cummings, France, and Decker's Motion for Judicial Notice (Doc. 32) is **GRANTED**.
6. The Clerk of Court shall enter judgment in favor of Defendants and against Plaintiff and shall close this case.

Dated this 11th day of March, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge